# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

Charles R. Fulbruge III
Clerk

No. 09-30456
Summary Calendar

RODNEY ARCENEAUX,

Petitioner - Appellant

v.

J P YOUNG,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CV-1451

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rodney Arceneaux, federal prisoner # 79182-079, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging eight different prison disciplinary proceedings.

Arceneaux challenges the district court's determination that his due process rights were not violated during the disciplinary proceedings. He contends that his refusal to join the general prison population did not violate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prison regulations and that prison officials wrongly did not interview witnesses concerning his reasons for refusing to join the general prison population. He further argues that his due process rights were violated because he was not told his rights concerning the disciplinary proceedings and because he was not given the opportunity to interview the witnesses or request a staff representative.

Any failure by prison officials to comply with their own regulations does not state a constitutional claim cognizable on habeas review. *Jackson v. Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989). Nevertheless, while Arceneaux "has no federal right to insist that a state follow its own procedural rules, he does have a right to procedures which meet constitutional due process standards." *Id.* at 1252. "Where a prison disciplinary hearing may result in the loss of good time credits," due process requires: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in [the inmate's] defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Id.* at 455.

Arceneaux was given written notice of his rights concerning the disciplinary proceedings and an adequate opportunity to interview witnesses or request a staff representative, and nothing in the record indicates that Arceneaux's due process rights were otherwise violated in the disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 564–66 (1974). Furthermore, the record clearly demonstrates "some" evidence to support the revocation of

No. 09-30456

Arceneaux's good time credits.

For the foregoing reasons, the district court's opinion is AFFIRMED.